IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARION SKORO, | ) |
| | ) |
| Plaintiff, | ) Case No. CV06-1319-HU |
| | ) |
| vs. | ) FINDINGS AND |
| | ) RECOMMENDATION |
| THE CITY OF PORTLAND, a municipal | ) |
| corporation of the State of Oregon, | ) |
| | ) |
| Defendant. | ) |

James H. Marvin
Marvin, Chorzempa & Larson
380 S.E. Spokane Street
Portland, Oregon 97202
    Attorney for plaintiff

Mark Moline
Office of City Attorney
1221 S.W. Fourth Avenue, Room 430
Portland, Oregon 97204
    Attorney for defendant
///

1   - FINDINGS AND RECOMMENDATION

HUBEL, Magistrate Judge:

This is an action for governmental taking of real property, originally filed in the Circuit Court for Multnomah County and removed to this court by the defendant. Plaintiff Marion Skoro alleges that he is the owner of real property situated at 6817 S.E. 52nd Avenue in Portland, Oregon, and that he is in the process of developing the property by destroying an existing building. Complaint ¶ 3. Plaintiff's property is located in a "light" commercial zone of a primarily residential neighborhood. Id. Plaintiff has applied for a building permit from the City. Id.

The City has notified plaintiff that it will not issue a building permit unless plaintiff agrees to increase the sidewalk easement from seven feet to twelve feet. Complaint ¶ 5. Plaintiff alleges that a concrete sidewalk has been installed on the property for many years. Id. The City has informed plaintiff that it does not intend to compensate plaintiff for the additional sidewalk easement, but has not entered on or appropriated the easement. Complaint ¶¶ 6, 10. Plaintiff alleges that the City's action constitutes a taking via governmental regulation, specifically §§ 17.88.020, 17.88.060, and 17.88.010 of the Portland City Code.

Plaintiff asserts claims under the Oregon Constitution and the Fifth Amendment of the United States Constitution.

2   - FINDINGS AND RECOMMENDATION

The City moves to dismiss the complaint for failure to state a claim, on the ground that plaintiff has failed to allege that his property has been taken; and for lack of subject matter jurisdiction because plaintiff's failure to avail himself of state inverse condemnation remedies renders his claims unripe for adjudication.

## Standard

A motion under Rule 12(b)(1) addresses the court's subject matter jurisdiction. When deciding a motion under Rule 12(b)(1)(subject matter jurisdiction) the court must view the pleaded facts "favorably." McNatt v. Apfel, 201 F.3d 1084, 1087 (9th Cir. 2000).

On a motion to dismiss for failure to state a claim, the court must decide whether it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. American Family Ass'n, Inc. v. City and County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).

## Discussion

The City contends that because plaintiff does not allege that his property has actually been "taken," he can assert no claims under the United States or Oregon Constitutions. The City argues that because it has not entered on the property or physically appropriated the easement, there has been no taking.

This argument is without merit. The complaint alleges that

3   - FINDINGS AND RECOMMENDATION

the city's permit condition is an unconstitutional taking. Complaint ¶¶ 10-12. This theory is consistent with Oregon and federal cases holding that a taking can occur when a government conditions the grant of a building permit on an applicant's dedication of land for public use. See, e.g., Dolan v. City of Tigard, 512 U.S. 384-85 (1994)(building permit conditioned on dedication of portion of property for improvement of storm drainage system and bicycle/pedestrian pathway); Nelson v. City of Lake Oswego, 126 Or. App. 416, 418 (1994) (building permit conditioned on drainage easement). Plaintiff has stated a takings claim.

The City argues in the alternative that because plaintiff has not made use of Oregon's inverse condemnation remedies, this action is unripe. However, the traditional exhaustion of remedies analysis that the City relies on in Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985) applies only in the context of regulatory takings claims, which are not at issue here. See Nelson, 126 Or. App. at 420 ("Rather, what [Fifth Avenue Corp. v. Washington Co., 282 Or. 591 (1978)] and related Oregon and federal cases hold--under the doctrine that is more commonly called "ripeness" than "exhaustion" in takings jurisprudence--is that a landowner cannot base a *regulatory taking action* on a predictive assertion that local or other government regulations, when applied to his

4   - FINDINGS AND RECOMMENDATION

property, will prevent any beneficial use of it.")(emphasis added). As the court made clear in Nelson, a landowner is not required to pursue available local appeals before bringing an inverse condemnation or taking action: "Neither [Fifth Avenue Corp. v. Washington Co., 282 Or. 591 (1978)] nor any other case of which we are aware attaches an exhaustion or ripeness prerequisite to the litigation of claims, like those here, that are based on a development condition that has resulted in the actual acquisition of a private property interest by the government." 126 Or. App. at 420.

That the City has yet to take actual possession of plaintiff's property does not affect the analysis. The purpose of the exhaustion/ripeness requirement in a regulatory takings context is to make a "final and authoritative determination of the type and intensity of development legally permitted on the subject property." Id. at 421, citing MacDonald, Sommer & Frates v. Yolo County, 477 U.S. 340, 348 (1986). The Nelson court held that this requirement has not been applied to takings claims based on developmental conditions because the claims at issue have nothing to do with that purpose. 126 Or. App. at 421.

### Conclusion

I recommend that the City's motion to dismiss (doc. # 3) be DENIED.

///

5  - FINDINGS AND RECOMMENDATION

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due February 6, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due February 20, 2007, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 22nd day of January, 2007.

*Dennis James Hubel*
Dennis James Hubel
United States Magistrate Judge